NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4690-15T1

AARON FENZI,

 Plaintiff-Appellant,

v.

JACQUELINE BALLAN,

 Defendant-Respondent.

__________________________________________

 Argued April 25, 2017 – Decided August 25, 2017

 Before Judges Espinosa and Grall.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Hudson County,
 Docket No. FD-09-0720-16.

 Theodore A. Grezlak, III, argued the cause for
 appellant (James R. Lisa, on the brief).

 Robyne D. LaGrotta argued the cause for
 respondent (Lagrotta Law, LLC, attorneys; Ms.
 LaGrotta, of counsel and on the brief).

PER CURIAM

 After communicating online for several months, the parties

met for the first time in April 2014. Defendant relocated to New
Jersey and moved into plaintiff's home in August 2014. One month

later, the parties learned defendant was pregnant. Their

relationship deteriorated and defendant moved out of plaintiff's

residence in March 2015. She gave birth to "Joey"1 in May 2015.

Defendant relocated to Georgia with Joey in October 2015 without

informing plaintiff.

 In October 2015, plaintiff filed a verified complaint and

order to show cause seeking sole legal and residential custody of

Joey. The trial court granted plaintiff sole temporary legal and

residential custody, ordered defendant to return Joey to New

Jersey, to appear in court on November 4, 2015 and suspended her

parenting time until she appeared. Defendant appeared

telephonically, without counsel, on November 12, 2015. The court

entered various orders, and, after mediation was unsuccessful,

conducted a trial in May 2016.

 On May 25, 2016, the court entered an order granting joint

legal custody of Joey to the parties and sole residential custody

to defendant. In its oral decision, the court reviewed each of

the factors relevant to a custody determination set forth in

N.J.S.A. 9:2-4(c). The court then relinquished jurisdiction over

Joey to Georgia. Furthermore, the court found defendant did not

1
 We use a pseudonym to protect the child's identity.

 2 A-4690-15T1
act in bad faith when she left New Jersey with Joey, recognizing

she consulted with an attorney who incorrectly advised her it was

legal to do so.

 After plaintiff filed a notice of appeal from the May 25,

2016 order, the parties executed a consent order in which they

agreed that the May 25, 2016 custody order "be domesticated to the

State of Georgia with full effect and enforcement as if issued by

a Superior Court of a Georgia County." Thereafter, the consent

order was filed with the Georgia Superior Court.

 In his appeal, plaintiff argues the trial court erred when

it failed to analyze "cause" for the child's removal as required

by N.J.S.A. 9:2-2 and that, even if the court had conducted a

relocation analysis, defendant failed to satisfy her burden under

Baures v. Lewis, 167 N.J. 91 (2001). Defendant counters that the

trial court based its decision upon the relief sought by plaintiff,

for sole legal and residential custody. She argues further that,

even if the trial court had conducted a Baures analysis, the result

would have been the same and that, because plaintiff entered into

the consent order to domesticate the custody order in Georgia, he

waived his right to appeal the May 25, 2016 order.

 By giving his consent to the domestication of the order in

Georgia, plaintiff agreed that the order as it existed should be

given full faith and credit in that state. Nonetheless, for the

 3 A-4690-15T1
sake of completeness, we address the merits of plaintiff's

arguments.

 For the first time on appeal, plaintiff argues that, because

the removal of Joey from the state was an issue, the trial court

erred in applying a best interests analysis rather than the

analysis articulated in Baures v. Lewis, 167 N.J. 91, 116-17

(2001), applicable to the removal of a child as governed by

N.J.S.A. 9:2-2. Since this appeal was argued, the Supreme Court

decided Bisbing v. Bisbing, ___ N.J. ___ (2017), and abandoned the

Baures standard in favor of a best interests analysis to be applied

"to all interstate relocation disputes under N.J.S.A. 9:2-2 in

which the parents share legal custody." Id. at 3. The Court

defined such disputes as "cases in which one parent is designated

as the parent of primary residence and the other is designated as

the parent of alternate residence and cases in which custody is

equally shared." Id. at 3. The Court directed,

 In all such disputes, the trial court should
 decide whether there is "cause" under N.J.S.A.
 9:2-2 to authorize a child's relocation out
 of state by weighing the factors set forth in
 N.J.S.A. 9:2-4, and other relevant
 considerations and determining whether the
 relocation is in the child's best interests.

 [Id. at 3-4.]

 The Court further instructed that "the best interests

standard applies to the determination of 'cause' under N.J.S.A.

 4 A-4690-15T1
9:2-2." Id. at 40.

 Thus, if this were purely a relocation case in which custody

had been previously determined, the Baures analysis would not

apply. However, as plaintiff acknowledges, even under Baures,

 A removal case is entirely different from an
 initial custody determination. When initial
 custody is decided, either by judicial ruling
 or by settlement, the ultimate judgment is
 squarely dependent on what is in the child's
 best interests.

 [Baures, supra, 167 N.J. at 115.]

 Because plaintiff's complaint sought the "initial custody

determination," it was entirely appropriate for the trial court

to make that decision based upon an analysis of the child's best

interests.

 Although plaintiff challenges the use of the best interests

standard, he does not argue the trial court's analysis under that

standard was flawed or challenge any of the court's findings

regarding the N.J.S.A. 9:2-4(c) factors. In fact, he concedes,

"If defendant were to stay in New Jersey, then the current custody

ruling would have been sufficient." We agree.

 The order granting joint legal custody of Joey, sole

residential custody to defendant and relinquishing jurisdiction

to Georgia is affirmed.

 5 A-4690-15T1